UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JAMES A. SIMON, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:09-CV-301-JTM |
| | ) | |
| SPECIAL AGENT PAUL MUSCHELL, *et al.*, | ) | |
| | ) | |
| Defendants, | ) | |
| _____ | ) | |
| JAMES A. SIMON, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:10-CV-058-RL |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant, | ) | |

OPINION AND ORDER

This matter is before the court on the Motion to Lift the Stay for the Limited Purpose of Allowing Filing and Disposition of the Defendant's Motion to Dismiss [DE 42] filed by the defendant, United States of America, on January 10, 2014. For the following reasons, the motion is **GRANTED**.

*Background*

On November 6, 2007, the Internal Revenue Service conducted a search of James Simon's residence pursuant to a search warrant. As a response to the IRS search, Simon filed two civil actions. The first action was brought against certain IRS employees in their individual capacities, alleging that Simon's Fourth and Fifth Amendment rights were violated during the

1

search. The second action was brought against the United States under the Federal Tort Claims Act for negligence occurring during the investigation of the Simon residence.

In April 2010, after the civil proceedings began, Simon was indicted on twenty-three criminal counts related to the IRS investigation. Subsequent to the indictment, Simon initiated discovery in the civil actions. The district court consolidated the civil matters and stayed the proceedings on October 4, 2010.

On August 15, 2013, the Seventh Circuit Court of Appeals affirmed the conviction of Simon on nineteen counts in the criminal case, which included falsifying income tax returns, failure to file foreign bank account reports, mail fraud, and fraud involving federal financial aid. The criminal matter was finalized when Simon did not petition for a writ of certiorari with the Supreme Court within 90 days. The United States seeks to resume the civil proceedings for the limited purpose of filing a motion to dismiss, arguing that it has sovereign immunity of claims "arising in respect of the assessment or collection of any tax" under 28 U.S.C. § 2680(c). Simon argues that the stay should be lifted for all purposes and that limited discovery will be necessary to respond to the United State's motion to dismiss.

*Discussion*

The United States requests that the court lift the stay in this proceeding for the limited purpose of filing a motion to dismiss. The court originally issued the stay to eliminate concerns over Federal Rule of Criminal Procedure 6(e) and 26 U.S.C. § 6103(h)(4). The criminal matter has concluded, and Simon has exhausted his appeals. For this reason, the plaintiffs argue that the stay also should be lifted to conduct discovery regarding the purpose of the IRS investigation.

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." ***Clinton v. Jones***, 520 U.S. 681, 706, 117 S.Ct. 1636, 1650, 137, L.Ed.2d 945 (1997) (citing ***Landis v. North American Co.***, 299 U.S. 248, 254, 57 S.Ct. 163, 165-166, 81 L.Ed. 153) (1936). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." ***Landis***, 299 U.S. at 254. The ability to lift a stay previously enforced is included in this power.

Although the original purpose for issuing the stay no longer is at issue because Simon has exhausted his criminal appeals, the United States argues that lifting the stay for any purpose other than filing its motion to dismiss would subject it to unnecessary expense and an undue burden. Rule 26(c)(1)(a) provides that, "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery." Courts have recognized that securing a just, speedy, and inexpensive determination of every action is good cause to stay discovery pending the outcome of dispositive motions. *See* ***Sprague v. Brook***, 149 F.R.D. 575, 577-578 (N.D. Ill. 1993) (staying discovery because the "sole result of such discovery, pending the resolution of the OPM's motion [to dismiss], would be cost and inconvenience, which would impose an undue burden on the time and resources of [defendant] and its agents."); *see also* ***Herz v. Diocese of Fort Wayne-South Bend***, No. 1:12-CV-122 RM, 2012 WL 3870528, *3 (N.D. Ind. Sept. 5, 2012); ***Bodnar v. John Hancock Funds, Inc.***, No. 2:06-CV-87, 2007 WL 1577914, *2 (N.D. Ind. May 30, 2007)(citing ***In re Sulfuric Acid Antitrust Litig.***, 231 F.R.D. 331, 336 (N.D. Ill. 2005); ***Chicago Bd. Options Exch. V. Connecticut Gen. Life Ins. Co.***, 95 F.R.D 524, 525

(N.D. Ill. 1982) (holding that "plaintiffs failed to show any justification for subjecting defendants to discovery pending the court's ruling on the defendant's motion to dismiss."). The decision to stay discovery depends upon the individual case and whether discovery is "unlikely to produce facts necessary to defeat the motion." *Sprague*, 149 F.R.D. at 577; *see also* ***Orlando Residence, Ltd. v. GP Credit Company, LLC***, 2006 WL 2849866 at *7 (E.D. Wis. Sept. 29, 2006) ("Limitation on pretrial discovery are appropriate where claims may be dismissed based on legal determinations that could not have been altered by any further discovery.") (internal quotations and citations omitted).

Under Federal Rule of Civil Procedure 12(b), the court must consider all of the plaintiffs' well-pleaded facts as true to determine whether the plaintiffs set forth sufficient facts on which they could succeed if they are later proven to be true. The standard that the motion to dismiss will be scrutinized under is no stricter than the notice pleading standard under the Federal Rules. ***Bodnar***, 2007 WL 1577914 at *3. For this reason, motions to stay discovery pending a ruling on a motion to dismiss regularly are granted because often it is unnecessary for the plaintiffs to participate in discovery regarding the actual facts because the plaintiffs only have to display that they can succeed on any set of facts in response to a motion to dismiss. ***Bodnar***, 2007 WL 1577914 at *3; *see also* **Federal Rule of Civil Procedure 8(a)(2)**; ***Toney v. L'Oreal USA, Inc.***, 406 F.3d 905, 908 (7th Cir. 2005) ("Toney was required only to provide the defendants with fair notice of what the plaintiff's claim is and the grounds upon which it rests.") (internal citations and quotations omitted). However, although the court generally does not consider extrinsic evidence when ruling on a motion to dismiss, there are exceptions to this. For example, the court may consider extrinsic evidence when the defendant challenges the factual basis of subject

4

matter jurisdiction.  *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009) (explaining that a facial challenges requires the court to look at only the face of the complaint to determine whether the plaintiff sufficiently alleged jurisdiction, whereas with a factual challenge, jurisdiction is alleged on the complaint, but the court must consider whether there are facts to support jurisdiction).

The United States argues that its motion to dismiss will be made on the grounds that 28 U.S.C. § 2680(c) provides sovereign immunity from claims "arising in respect of the assessment or collection of any tax" under the Federal Tort Claims Act, and for this reason the court lacks subject matter jurisdiction.  Although the plaintiffs argue that some discovery is warranted to determine if the injury arose during the "assessment or collection of any tax", their argument is unavailing.  It is undisputed that the search warrant was issued in connection with the criminal case that ultimately resulted in a conviction for filing false federal income tax returns, failing to file foreign bank account reports, mail fraud, and fraud involving federal financial aid.  This also is clear from the face of the search warrant, which states that it was issued for the purpose of gathering information "for possible violations of the Internal Revenue Code."  *See* Complaint, *James A. Simon, et al. v. United States*, No. 1:10-cv-058-RL (N.D. Ind. Feb. 19, 2010), ECF No. 1.  Moreover, the Affidavit attached to the search warrant made clear that it is a crime to impede the Internal Revenue Service in the assessment and collection of income taxes.

The plaintiffs believe they should be allowed to discover why Simon was being investigated, but discovery on this issue is not relevant or necessary at this stage.  The plain language of the search warrant and affidavit reflect the reasons the search was conducted.  In ruling on the United State's motion to dismiss, the court will be tasked with addressing the legal

question of whether the search for evidence, related at least in part to Simon's attempt to evade or defeat any tax and impair the IRS's assessment and collection of income taxes, as stated in the search warrant, constitutes "arising in respect of the assessment or collection of any tax". This is a pure legal question that does not warrant discovery.

The plaintiffs also argue the merits of the defendants' proposed motion to dismiss, arguing that some of their claims, such as infliction of emotional distress, are not barred from being brought under the Federal Tort Claims Act. However, these arguments are premature, based in law, not fact, and do not support lifting the stay for purposes other than allowing the defendants to file their motion to dismiss.

Based on the foregoing reasons, the defendants have demonstrated good cause to lift the stay for the limited purpose of allowing it to file a motion to dismiss. Continuing the stay on discovery will eliminate unnecessary time and expense. Therefore the United State's motion is **GRANTED.**

ENTERED this 18th day of April, 2014

/s/ Andrew P. Rodovich
United States Magistrate Judge