UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| JAMES A. SIMON, et al., | ) |  |
|---|---|---|
| Plaintiffs, | ) |  |
| v. | ) | No. 1:09 CV 301 |
| SPECIAL AGENT PAUL MUSCHELL, et al., | ) |  |
| Defendants. | ) |  |

## OPINION AND ORDER

On November 6, 2007, Internal Revenue Service ("IRS") agents searched the home of plaintiffs James Simon, Denise Simon,[1] and R.S. ("plaintiffs"). As a result of this search, plaintiffs filed two suits. First, in suit 1:09-cv-00301, plaintiffs sued several IRS special agents alleging that the agents had violated the Fourth and Fifth Amendments to the United States Constitution when they executed the search warrant. (1:09-cv-00301, DE # 1.) Plaintiffs then sued the United States in case 1:10-cv-00058, alleging claims for intentional infliction of emotional distress, negligent infliction of emotional distress, negligence, trespass, invasion of privacy, and wrongful death, all under the Federal Tort Claims Act ("FTCA"). (1:10-cv-00058, DE # 1.)

In October 2010, the court consolidated these two cases into case 1:09-cv-00301 and stayed the case pending the outcome of plaintiff James Simon's criminal trial. (1:09-cv-00301, DE # 40.) In 2014, the court lifted the stay in order for the United States

---

[1] Mrs. Simon has since deceased, and her estate is now a plaintiff in this case.

to file a motion to dismiss plaintiffs' claims against it. (1:09-cv-00301, DE # 45.) After the stay was lifted, the United States[2] filed the present motion to dismiss. (1:09-cv-00301, DE # 47.) Plaintiffs have filed a response (1:09-cv-00301, DE # 48), and defendant has filed a reply (1:09-cv-00301, DE # 49). For the following reasons, defendant's motion is granted.

I.     Facts[3]

As early as January 2007, the IRS began investigating plaintiff James Simon for violations of the Internal Revenue Code. (1:10-cv-00058, DE # 1 at ¶ 15.) In November 2007, IRS agent Paul Muschell signed a probable cause affidavit in an effort to obtain a search warrant to search plaintiffs' home. (*Id.* at ¶¶ 17-18.) On November 2, 2007 the United States District Court for the Northern District of Indiana reviewed the affidavit submitted by Muschell and issued a search warrant to search plaintiffs' home. (*Id.* at ¶ 20.)

According to the allegations in plaintiffs' complaint, which the court accepts as true for purposes of ruling on defendant's motion, defendant, through Muschell, intentionally or negligently made false and/or misleading statements in the affidavit in support of the request for a search warrant of plaintiffs' home. (*Id.* at ¶ 21.) These false

---

[2] Although there are several defendants in this case, the United States is the only defendant to have filed a motion to dismiss. The court will therefore refer to the United States as "defendant" for the remainder of this opinion.

[3] The following facts are taken from plaintiffs' complaint in 1:10-cv-58, unless otherwise noted.

2

and/or misleading statements misled the judge that reviewed the request for a search warrant. (*Id.* at ¶ 22.) The affidavit was negligently reviewed and/or approved by Muschell and other IRS agents prior to being submitted to the court. (*Id.* at ¶ 23.) Several government tax offices failed to review the affidavit for completeness and accuracy. (*Id.* at ¶ 25.) Defendant improperly, unlawfully, and negligently tendered the request for a search warrant, including Muschell's affidavit, when it knew or should have known there was no probable cause to support a search warrant. (*Id.* at ¶ 26.) Additionally, defendant failed to follow several internal IRS regulations during the acquisition and execution of the search warrant for plaintiffs' home. (*Id.* at ¶ 27.)

On November 6, 2007, defendant, through Muschell and other IRS agents and employees, searched plaintiffs' residence pursuant to the search warrant. (*Id.* at ¶ 29.) At the initiation of the search warrant, only R.S. and Denise Simon were at the Simon residence. (*Id.* at ¶ 31.) Plaintiff James Simon was not in the United States at that time. (*Id.*) Despite the fact that neither James Simon nor Denise Simon owned a gun, several IRS agents executing the search warrant wore bulletproof vests and had their guns visible during the search of plaintiffs' home. (*Id.* at ¶¶ 32-33.) The IRS agents executing the search warrant violated IRS procedures by putting R.S., who was ten years old at the time, in harm's way. (*Id.* at ¶ 34.)

During the search, IRS agent Linda Porter made comments to Denise Simon implying violations of law not addressed in the affidavit or warrant, causing emotional stress and harm to Mrs. Simon. (*Id.* at ¶ 35.) On November 9, 2007, three days after the

3

execution of the search warrant, Denise Simon committed suicide. (*Id.* at ¶ 38.) Several hours before her death, Denise Simon wrote a letter expressing her concern regarding the armed IRS agents coming into her home, her concern for her children's safety after the search, and her distrust of the federal government. (*Id.* at ¶ 39.) As a result of defendant's investigation into the Simons and the subsequent search of the Simons' home, plaintiff filed the current suit against defendant, alleging intentional infliction of emotional distress, negligent infliction of emotional distress, negligence in obtaining the search warrant, negligence in executing the search warrant, trespass, invasion of privacy, and wrongful death. (1:10-cv-00058, DE # 1 at 12-18.) Defendant has now moved to dismiss plaintiffs' complaint. (1:09-cv-00301, DE # 47.)

Before moving on to addressing the arguments made in the parties' briefs, it is important to note what took place in plaintiff James Simon's criminal trial.[4] In 3:10-cr-00056, a grand jury returned a twenty-three count indictment against James Simon, as a result of the IRS's investigation into the Simons' finances. (3:10-cr-00056, DE # 1.) At trial, a jury convicted Mr. Simon of 19 out of 23 counts, including four counts of filing false federal income tax returns. (3:10-cr-00056, DE # 1; DE # 128; DE # 160.) As a result of his convictions, Mr. Simon was sentenced to 72 months

---

[4] "Taking judicial notice of matters of public record need not convert a motion to dismiss into a motion for summary judgment." *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012). "A court may take judicial notice of facts that are (1) not subject to reasonable dispute and (2) either generally known within the territorial jurisdiction or capable of accurate and ready determination through sources whose accuracy cannot be questioned." *Id.* at 773-74.

imprisonment, and was also ordered to make restitution to several entities, including the IRS. (3:10-cr-00056, DE # 160.) Mr. Simon appealed his conviction, and the United States Court of Appeals for the Seventh Circuit affirmed the judgment of the district court. (3:10-cr-00056, DE # 189); *United States v. Simon*, 727 F.3d 682, 700 (7th Cir. 2013).

## II.     Legal Standard

Defendant has moved to dismiss plaintiffs' claims under RULE 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to state a claim upon which relief may be granted. RULE 8 of the FEDERAL RULES OF CIVIL PROCEDURE sets forth the pleading standard for complaints filed in federal court; specifically, that rule requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8. "The RULE reflects a liberal notice pleading regime, which is intended to focus litigation on the merits of a claim rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross,* 578 F.3d 574, 580 (7th Cir. 2009) (internal quotation marks omitted). "While the federal pleading standard is quite forgiving . . . 'the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011) (quoting *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010)); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007).

For purposes of deciding defendant's RULE 12(b)(6) motion, the court accepts plaintiffs' factual allegations as true. *Pardus*, 551 U.S. at 93.

**III. Analysis**[5]

In its motion to dismiss, defendant argues that the dismissal of plaintiffs' FTCA claims against it is appropriate in this case. "The FTCA permits suits against the United States for personal injuries caused by the wrongful acts of federal employees acting within the scope of their employment under circumstances in which a private person would be liable to the plaintiff." *Reynolds v. United States*, 549 F.3d 1108, 1112 (7th Cir. 2008). "The FTCA provides both a jurisdictional grant and a waiver of sovereign immunity[.]" *Clark v. United States*, 326 F.3d 911, 912-13 (7th Cir. 2003) "Although the FTCA's waiver of sovereign immunity is broad, Congress has excepted certain claims from its purview," *Reynolds*, 549 F.3d at 1112 , including "[a]ny claim arising in respect of the assessment or collection of any tax . . . ." 28 U.S.C. § 2680(c).

Defendant, therefore, argues that plaintiffs' FTCA claims must be dismissed under 28 U.S.C. § 2680(c), which "exempts the government from tort liability for tax-related claims."*Clark*, 326 F.3d at 912; (DE # 46 at 3.) Defendant argues that plaintiffs' claims in this case – negligent infliction of emotional distress, negligence, trespass, invasion of privacy, and wrongful death – all arise out of the assessment or collection of plaintiffs' taxes. (DE # 46 at 8-9.)

In response, plaintiffs argue that § 2680(c) does not apply in this case because the investigation into plaintiffs' finances and the IRS agents' search of plaintiffs' home was

---

[5] From this point forward, any docket citation will refer to case number 1:09-cv-00301, unless otherwise noted.

"purely criminal in nature, and, on its face, devoid of intent or effort to ultimately assess or collect taxes from Mr. Simon." (DE # 48 at 6.) Plaintiffs go on to argue that § 2680(c) does not apply in this case because the search of plaintiffs' home violated internal IRS policies, and therefore, was not for the purpose of assessing or collecting taxes. (*Id.* at 7.) Finally, plaintiffs argue that the tort claims brought by R.S. and the Estate of Denise Simon do not arise from the collection or assessment of any taxes. (*Id.* at 8.)

In *Clark v. United States*, the Seventh Circuit discussed, but ultimately did not determine, the breadth of § 2680(c)'s exemption for tax-related claims:

> This court has not yet addressed the scope of § 2680(c)'s tax-related exemption in a published opinion, but the Fifth Circuit has stated, "[I]n enacting Section 2680(c) of the FTCA, Congress intended to insulate the IRS from tort liability stemming from any of its revenue-raising activities." *Capozzoli v. Tracey*, 663 F.2d 654, 657 (5th Cir. 1981). And, other circuits have held that a wide range of activity by the IRS "arises in respect of" its collection or assessment of taxes, see *Jones v. United States*, 16 F.3d 979, 980–81 (8th Cir. 1994) (§ 2680(c) applies to overzealous IRS investigation into plaintiff's tax practices); *Murray v. United States*, 686 F.2d 1320, 1323–24 (8th Cir. 1982) (tort claim based on IRS's refusal to allow redemption of property seized for non-payment of taxes was claim "arising in respect of the collection of a tax" under § 2680(c)); *Am. Assoc. of Commodity Traders v. Dep't of Treasury*, 598 F.2d 1233, 1235 (1st Cir. 1979) (suit seeking damages for denial of tax-exempt status falls within § 2680(c)), including the payment of tax refunds, *see Aetna Cas. & Sur. Co. v. United States*, 71 F.3d 475, 477–78 (2d Cir. 1995). *See also Kosak v. United States*, 465 U.S. 848, 854, 104 S.Ct. 1519, 79 L.Ed.2d 860 (1984) (reading phrase "arising in respect of" in § 2680(c) to mean any claim "arising out of" the detention of goods).

326 F.3d at 913. The court ultimately did not resolve the plaintiff's claim on § 2680(c) grounds. *Id.* at 914.

7

As the parties recognize in their respective briefs, other courts of appeals have also addressed the extent of § 2680(c)'s reach. (DE # 46 at 7; DE # 48 at 5.) For example, in *Jones v. United States*, a case cited by defendant, the plaintiffs contended that during the course of an IRS criminal investigation,

> the IRS (1) failed to use reasonable efforts to obtain reliable and accurate information; (2) failed to use less drastic remedies in aid of the investigation; (3) improperly relied upon inaccurate and false information; and (4) failed to comply with provisions of the internal revenue laws, regulations and the internal revenue manual.

16 F.3d at 980. The United States argued that § 2680(c) barred the plaintiffs' action, but the plaintiffs argued that it did not because "several years [had] passed without any criminal prosecution or any attempted assessment or collection of taxes or penalties." *Id.*

The Eighth Circuit first noted that "the investigation [of the plaintiffs] was in a criminal status, as opposed to being an administrative or civil matter[,]" but that fact made "no difference to the outcome of [the] dispute." *Id.* The court went on to conclude that § 2680(c) barred the plaintiffs' claims: "The United States retains its sovereign immunity under section 2680(c) from claims arising in respect to tax assessment or collection even when, as here, the claims encompass torts and constitutional violations." *Id.* at 980-81; *see also Perkins v. United States*, 55 F.3d 910, 913-16 (4th Cir. 1995) ("The rule therefore emerges that the exemption applies to protect illegal acts or torts committed by IRS agents only when they are related, however remotely, to a *bona fide* effort to assess or collect a particular tax debt."); *Capozzoli*, 663 F.2d at 658 ("Congress retained

the United States' sovereign immunity for any claim in respect of the assessment or collection of taxes. This language is broad enough to encompass any activities of an IRS agent even remotely related to his or her official duties. . . . Section 2680(c) has been interpreted broadly by the courts to preclude suits for damages arising out of the allegedly tortious activities of IRS agents when those activities were in any way related to the agents' official duties.").

In contrast, plaintiffs direct the court to several cases that hold that § 2680(c) is not applicable to the torts committed by IRS agents during the course of attempting to impose criminal penalties and not assessing or collecting taxes. *Wright v. United States*, 719 F.2d 1032, 1035-36 (9th Cir. 1983) (malicious prosecution claim against IRS agent not barred by § 2680(c)), *abrogation recognized in Gasho v. United States*, 39 F.3d 1420, 1435 (9th Cir. 1994); *Kaufmann v. United States*, 840 F. Supp. 641, 658 (E.D. Wis. 1993) (holding that § 2680(c) did not bar claim against defendants because "the alleged acts of the United States and its agents were undertaken to complete a ***criminal prosecution*** under 18 U.S.C. § 1956(a)(1)(B) & (a)(3)(B) for money laundering and not primarily for the collection of taxes."(emphasis in original)).

Several Courts of Appeals have discussed, in detail, the line between claims arising out of the collection or assessment of taxes (and therefore barred by § 2680(c)) and claims that are not be barred by § 2680(c). For example, in *Capozzoli v. Tracey*, the Fifth Circuit explained:

> Where an IRS employee commits a tort wholly unrelated to his or her official duties of assessing or collecting taxes, the sovereign immunity retained

under 28 U.S.C. s 2680(c) would not apply. Of course, a tort committed under circumstances wholly unrelated to an IRS agent's official duties may also be so far beyond the agent's scope of employment as to preclude vicarious liability on the part of the United States. *See, e. g.*, *Bettis v. United States*, 635 F.2d 1144, 1146-1147 (5th Cir. 1981) (State laws of respondeat superior define the United States' liability under the FTCA for torts of its employees.). However, it is conceivable that an IRS agent could engage in tortious conduct sufficiently removed from the agent's official duties of assessing or collecting taxes as to be beyond the scope of Section 2680(c), and at the same time sufficiently within the scope of his employment as to give rise to an action against the United States.

663 F.2d at 658.

In *Perkins v. United States*, the Fourth Circuit expanded on the Fifth Circuit's earlier analysis:

> [The *Capozzoli*] decision leaves a window open for a claimant to show that her claim falls within the FTCA but without the exception; that is, that an IRS agent harmed her by an act done within his scope of employment generally, but not within the narrower scope of his tax assessment and collection duties.
>
> The burden is on a claimant to establish that an IRS agent's actions were within that window. . . .
>
> Whether a case falls within the window is determined by whether a specific tax collection is at issue or whether the more general purposes of the agency are being pursued. In cases in which a specific tax debt of a specific taxpayer is at issue, the exemption immunizes the IRS from suit for activities that are even remotely related to the tax assessment or collection. For instance, in *Capozzoli*, an IRS agent was supposed to be inspecting a vacant lot to determine the extent of damage that was the basis of a casualty loss claim by a taxpayer, but was instead photographing the taxpayer's nearby residence while she was within it wearing only a nightgown. 663 F.2d 654. The court held that the photography was remotely but sufficiently related to the agent's assessment of her taxes to fall within the section 2680(c) exception, even though the casualty loss claim did not involve the residence and even if the photography constituted an unauthorized tortious invasion of privacy. *See also Murray*, 686 F.2d 1320; *Broadway Open Air Theatre*, 208 F.2d 257.

> In contrast, where a specific tax assessment or collection effort is not served by the agent's activities, section 2680(c) may not immunize the IRS. . . .

55 F.3d at 915-16. The Fourth Circuit went on to discuss a case in which § 2680(c) was not found to be a bar to the plaintiff's claims *id.* at 915; *see also Johnson v. Sawyer*, 980 F.2d 1490 (5th Cir. 1992) (claim alleging IRS agents issued press release regarding plaintiff's tax conviction despite agreement not to do so was "not 'sufficiently related' to assessing or collecting taxes to be immune from responsibility under § 2680(c)."), *vacated on rehearing in* 4 F.3d 369 (1993), before reaching its ultimate conclusion on the reach of § 2680(c):

> The rule therefore emerges that the exemption applies to protect illegal acts or torts committed by IRS agents only when they are related, however remotely, to a *bona fide* effort to assess or collect a particular tax debt. The governing inquiry is not how egregious the agent's actions were, but whether the actions were related to a *particular* tax assessment or collection effort or merely served the general purposes of the IRS (or no legitimate purpose at all).

*Perkins*, 55 F.3d at 915-16 (emphasis in original).

In this case, the court has no trouble concluding that § 2680(c) bars plaintiffs' claims. Although it is undisputed that the primary focus of defendant's investigation into plaintiffs was criminal in nature (DE # 49 at 2), several aspects of the IRS's investigation into plaintiffs' taxes reveal that the investigation and search of plaintiffs' home, which gave rise to plaintiffs' current claims, arose out of "the assessment or collection of" plaintiffs' taxes. 28 U.S.C. § 2680(c).

First, as plaintiffs' complaint and the affidavit in support of the search warrant issued for plaintiffs' home make clear, the search of plaintiffs' home and the

11

investigation leading up to the search were conducted because the IRS believed that the Simons were evading taxes that plaintiffs owed to the United States government.[6] (1:10-cv-00058, DE # 1 at ¶ 15; DE # 46-2 at 8-9, 18-19.) Thus, the court concludes that the investigation into plaintiffs' taxes and the subsequent search of plaintiffs' home "clearly were in furtherance of the IRS's duty to investigate, assess and attempt to collect outstanding federal tax obligations." *Rayes v. United States*, 967 F. Supp. 1162, 1165 (D. Ariz. 1997); *see also Barrow v. United States*, No. 97-1830, 1998 WL 791849, at *1 (6th Cir. Nov. 4. 1998) (§ 2680(c) barred plaintiff's claim that IRS conducted negligent criminal investigation into his taxes because the "calculation of [plaintiff's] taxes falls squarely within the official duties of an IRS agent."); *Jones*, 16 F.3d at 980-81; *Capozzoli*, 663 F.2d at 658 ("Congress retained the United States' sovereign immunity for any claim in respect of the assessment or collection of taxes. This language is broad enough to encompass any activities of an IRS agent even remotely related to his or her official duties. . . . Section 2680(c) has been interpreted broadly by the courts to preclude suits for damages arising out of the allegedly tortious activities of IRS agents when those activities were in any way related to the agents' official duties."); *Stoffels v. United States*, No. 10–cv–00840, 2011 WL 4018000, at *2 (D. Colo. Sept. 9, 2011) (concluding that claims arising out of tax investigation that included execution of search warrant and

---

[6] "Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *Burke v. 401 N. Wabash Venture, LLC*, 714 F.3d 501, 505 (7th Cir. 2013) (citations and quotations omitted). Plaintiffs reference the search warrant in their complaint, and it is central to their claims.

12

subsequent prosecution were barred by § 2680(c)); *Pace v. Platt,* No. 3:01–CV–471, 2002 WL 32098709, at *4 (N.D. Fla. Sept. 10, 2002) ("Plaintiff's amended complaint raises claims that arise out of an IRS criminal tax investigation and his subsequent prosecution. Such claims 'arise in respect to the assessment or collection of any tax . . . .'" (quoting 28 U.S.C.A. § 2680(c)).

Furthermore, the investigation into plaintiffs' taxes, the search of plaintiffs' home, and the subsequent prosecution of plaintiff James Simon show that this entire process involved the assessment and collection of plaintiffs' taxes. As noted earlier, as a result of the investigation and search of plaintiffs' home, plaintiff James Simon was convicted of 19 federal offenses, ranging from filing a false federal income tax return to fraud involving federal financial aid. (3:10-cr-00056, DE # 160.) The sentence plaintiff James Simon received at trial was based, in part, on the amount of unpaid taxes that Simon owed to the IRS. *See* U.S. SENTENCING GUIDELINES MANUAL § 2T4.1 (2014); *(see also* 3:10-cr-00056, DE # 148 at 23; DE # 174 at 41). Additionally, as part of his sentence, plaintiff James Simon was ordered to make restitution to the IRS for $886,901.69 (3:10-cr-00056, DE # 160 at 7), which is the amount of taxes that Mr. Simon failed to pay to the IRS (*see* 3:10-cr-00056; DE # 156 at 12-14.)

Finally, the only appellate case that plaintiffs cite in support of their argument that their claims are not barred by § 2680(c) is distinguishable. In *Wright v. United States*, the plaintiff filed suit after he was indicted for making false statements on income tax returns. 719 F.2d at 1033. The indictments against plaintiff were dismissed, after which

13

the government abandoned its prosecution of the plaintiff. *Id.* The plaintiff then filed suit under the FTCA against several defendants, including the United States, alleging that the indictments against him had amounted to a malicious prosecution. *Id.*

The government argued that the plaintiff's claims were barred by § 2680(c). *Id.* at 1035. The court noted that it would not "strain precedent" to hold that the actions of the IRS agent involved in prosecuting plaintiff fell within § 2680(c)'s reach, but ultimately concluded that § 2680(c) did not bar the plaintiff's claims because 28 U.S.C. § 2680(h) allows for malicious prosecution claims under the FTCA in certain circumstances:

> In providing that malicious prosecution claims may be brought under the FTCA when they are based on acts of "investigative or law enforcement officers," 28 U.S.C. § 2680(h), Congress appears to have authorized the kind of claim [the plaintiff] has asserted here. While the legislative history is not very illuminating, neither it nor the language of the proviso suggests that malicious tax prosecutions are to be treated differently from other malicious prosecutions. We need not hold, however, that the 1974 amendments partially repealed § 2680(c). Our duty in construing the tax collection and assessment exception of § 2680(h) and the later law enforcement proviso of § 2680(c) is to reconcile them and give meaning to both if we are able. This goal can be accomplished by construing the tax assessment and collection exception not to apply to [the IRS agent's] actions in carrying out the criminal prosecution against plaintiff, *insofar as those acts are alleged to constitute malicious prosecution*. We so construe § 2680(c).

*Id.* at 1035-36 (emphasis added).

As defendant correctly points out in its reply brief, however, none of the plaintiffs have alleged a malicious prosecution claim against the United States. (DE # 49 at 5.) And, had plaintiff James Simon, the only plaintiff that was prosecuted, brought a malicious prosecution claim against the United States, it would have failed given that Mr. Simon was convicted at trial. *See Reynolds v. United States*, 549 F.3d at 1114-15 ("In

14

order to prevail on a claim of malicious prosecution in Indiana, a plaintiff must establish that the defendant, acting with malice and without probable cause, instituted or caused to be instituted *a prosecution that terminated in the plaintiff's favor*."(emphasis added)). *Wright*, therefore, is distinguishable from the case at hand.

In sum, the court concludes that the investigation into plaintiffs' taxes and the search of plaintiffs' home arose out of "the assessment or collection of" the Simons' taxes. 28 U.S.C. § 2680(c). Plaintiffs, however, make two additional arguments as to why their case should not be dismissed. The court will address each in turn.

First, plaintiffs argue that the search of their home violated the IRS's internal policies, and therefore, the search was not for the purpose of assessing or collecting taxes. (DE # 48 at 7.) The problem with this argument, as defendant correctly points out in its reply brief (DE # 49 at 5), is that plaintiffs fail to cite any authority indicating that courts should consider whether the IRS violated its own internal policies when considering whether a claim arises out of "the assessment or collection of" taxes, as set out in 28 U.S.C. § 2680(c). In fact, in the only cases the court could find on this issue, the courts have rejected this same argument. *Perkins*, 55 F.3d at 914 ("[W]e hold that the fact that [the IRS agent's] activities may have violated various state and federal regulations does not mean that they were outside the scope of his official tax assessment and collection duties."); *see also Barrow*, 1998 WL 791849, at *1 ("Furthermore, § 2680(c) bars [plaintiff's] suit, even though the IRS agents were conducting a criminal investigation

and even if the IRS agents did not conduct the investigation according to IRS regulations."). Plaintiffs' argument on this point therefore fails.

Plaintiffs next argue that the tort claims of the Estate of Denise Simon and R.S., the minor child of James and Denise Simon, are not barred by § 2680(c) because "nothing in the Complaint or record to show how the Defendant's actions would be considered assessment or collection of tax regarding" the Estate of Denise Simon and R.S.. (DE # 48 at 8.) Once again, however, plaintiffs fail to cite any authority for their position, and there are several cases that have addressed and rejected this same argument. *Perkins*, 55 F.3d at 913 ("The opinions interpreting section 2680(c) clarify that the exemption applies not only to actions by persons against whom the tax collection efforts are directed, but also to actions by third parties injured by tax collection efforts. . . . Thus, section 2680(c) bars Mrs. Perkins's action if her injuries were caused by [the IRS agent's] tax collection efforts even though neither she nor her husband were the subject taxpayer."); *see also Murray*, 686 F.2d at 1323-24 (§ 2680(c) "clearly applies to taxpayers and third parties alike."); *Broadway Open Air Theatre v. United States*, 208 F.2d 257, 259 (4th Cir. 1953) (rejecting plaintiffs' argument that § 2680(c) "does not apply when the controversy is over wrongful conversion and is unrelated to any alleged tax liability between the parties to the suit.").

In this case, the allegations in plaintiffs' complaint make clear that each of the claims asserted by the Estate of Denise Simon and R.S. arise out of the IRS's tax investigation into James and Denise Simon, the IRS's subsequent acquisition of a search

16

warrant to search the Simons' home, and the actual search of the Simons' home. (1:10-cv-00058, DE # 1.) These claims therefore arise out of the "the assessment or collection of" the Simons' taxes, 28 U.S.C. § 2680(c), and the fact that neither the Estate of Denise Simon nor R.S. were the subject of this investigation does not save these claims from § 2680(c). *See, e.g.*, *Perkins*, 55 F.3d at 913. Plaintiffs' argument on this point therefore fails.

IV.     **Request to Amend Complaint**

Plaintiffs also request an opportunity to amend their complaint. (DE # 48 at 9.) Plaintiffs assert that they would use this opportunity to include additional allegations:

> Any such filing will not be futile as it would give the Plaintiffs a chance to expand on Special Agent Muschell's concession in his Affidavit that there were other facts that were "known to law enforcement with regard to this investigation" but were not included in his Affidavit. Exhibit B to Defendant's Memorandum, p. 2 of Affidavit. It would also give the Plaintiffs a chance to add details to what Agent Porter said during the search that was outside an assessment or collection of tax context.

(*Id.*) In response, defendant argues that plaintiffs' request should be denied because plaintiffs have not explained "how a complaint that was amended in this manner would withstand a motion to dismiss based on 28 U.S.C. § 2680(c)." (DE # 49 at 7-8.)

Plaintiffs request to amend their complaint under FED. R. CIV. P. 15(a)(2), which states, in part: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2) "Leave to amend need not be granted, however, if it is clear that any amendment would be futile." *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th

Cir. 2013). The Seventh Circuit has "often held that a district court may deny leave to amend when the plaintiff does not submit a proposed amended complaint, at least where the substance of the proposed amendment is not clear." *Parker v. Scheck Mechanical Corp.*, 772 F.3d 502, 506 (7th Cir. 2014). "A court need not decide in the abstract whether a proposed amendment would be sufficient or futile[,]" but "[a] request for leave to amend may be acceptable so long as it puts the opposing party on notice of the content of the amendment[.]" *Id.* (citations and quotations omitted).

In this case, plaintiffs have not included a proposed amended complaint with their request to amend their complaint. (*See* DE # 48.) Thus, the court is left with the brief description, quoted above (DE # 48 at 9), of how plaintiffs' plan to amend their complaint, as the only indication of how an amended complaint would differ from the original complaint. Plaintiffs' two proposed changes – expanding on Special Agent Muschell's statement in his affidavit that there were other facts known to law enforcement that were not included in the affidavit (*see* Affidavit p. 2, attached to DE # 46)[7] and including allegations regarding statements Agent Porter made during the execution of the search warrant – do not give the court any indication as to how the amended complaint would survive a motion to dismiss pursuant to § 2680(c). Plaintiffs have not provided the court with either the substance of these additional allegations or

---

[7] The statement in the affidavit to which plaintiffs are referring reads as follows: "This affidavit contains only those facts necessary to establish probable cause for the issuance of a search warrant. It does not contain all facts known to law enforcement with regard to this investigation." (*See* Affidavit p. 2, attached to DE # 46.)

any sort of argument as to how these allegations would prevent the amended complaint from being dismissed under § 2680(c). Without additional information, the court cannot determine whether an amended complaint would be "sufficient or futile[,]" and plaintiffs' request to file an amended complaint will therefore be denied. *Scheck Mechanical Corp.*, 772 F.3d at 506.

## V. Conclusion

For the foregoing reasons, defendant the United States of America's motion to dismiss plaintiffs James Simon, the Estate of Denise Simon, and R.S.'s complaint (DE # 47) is **GRANTED**. The Clerk is directed to dismiss the United States as a party in this case.

**SO ORDERED.**

Date: February 24, 2015

        s/James T. Moody
        JUDGE JAMES T. MOODY
        UNITED STATES DISTRICT COURT